[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on October 30, 1993 in Orange, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The husband worked throughout this short marriage as a truck driver. In 1997, he had a gross income of approximately $32,888. When he was unemployed, he collected unemployment benefits. The CT Page 7969 husband turned over all his paychecks/income to his wife who managed their joint checking account. The wife deposited her income from her business into the joint checking account. All bills were paid from the parties' joint checking account fund.
The wife has her own business called Northeast Data Systems, which she operates out of her home. She has operated this keypunch business for over 20 years. The corporate tax returns indicate gross sales in excess of $100,000 for the past four years except for the year 1996. The wife also receives $14,400 per year child support for her minor daughter of a prior marriage.
The husband came into the marriage with several bills. The plaintiff claims he was untruthful about his previous marriages and his abilities as a handyman. She claims the husband made promises to her which he did not keep. The plaintiff gave up $1200 per month alimony when she married the defendant. She requests to be restored to her prior position.
The husband claims his bills were paid from joint funds of the parties as the wife controlled the checkbook and managed the funds.
No useful purpose would be served by a review of all the evidence presented in this case. Unfortunately, the parties were unable to resolve their marital difficulties.
The plaintiff is 50 years of age and in good health. This is her second marriage.
The defendant is 48 years of age and in good health. This is his fourth marriage. The parties met through a dating service and dated for approximately 11 months before they were marriage. The parties married October 30, 1993 and separated April 1997.
The following orders shall enter.
1) The defendant shall reimburse the plaintiff the sum of $900 which the plaintiff paid on account of the defendant and the sum of $138 taken from the daughter's account within 60 days of date.
2) The plaintiff is awarded the real estate located at 446 Windy Hill, Orange, Connecticut and the defendant shall have no CT Page 7970 claim thereto.
3) The plaintiff shall retain her business known as Northeast Data Systems and the defendant shall have no claim thereto.
4) The plaintiff is awarded her IRA and the defendant shall have no claim thereto.
5) The defendant is awarded the following items of personal property from the marital home:
a) his clothing, including his bike club vest;
b) some photographs, including photos of his children;
c) various books, music tapes and CDs;
d) beer stein;
e) attorney bookcase;
f) Hearing aids and his tools.
6) The plaintiff shall retain the pool table and the remaining personal property contained in the marital home.
7) The plaintiff shall retain any monies contained in any joint accounts and each party shall retain all bank accounts and property in his or her name or possession.
8) The plaintiff shall be entitled to COBRA benefits as available through the defendant's employment at her own expense.
9) The defendant shall be solely responsible for all medical and hospital expenses regarding his personal injury. The defendant shall be entitled to his personal injury claim and the plaintiff shall have no claim thereto.
10) Neither party is awarded periodic alimony.
11) Each party shall pay their own respective attorney's fees.
12) The plaintiff is awarded a lump sum property settlement CT Page 7971 in the amount of $9500. The defendant shall pay said amount at the rate of $75 per week commencing three weeks from date. Said lump sum property settlement shall not be dischargeable in bankruptcy.
13) Each party shall remain liable and responsible for the debts and liabilities as listed on their respective financial; affidavits.
14) Each party shall retain the motor vehicle present in his or her possession.
15) The plaintiff is granted a change of name to Lynn Fuchella.
Coppeto, J.